The opinion of the Court was delivered by
Dunkin, Ch.
This Court is content with the conclusion and general reasoning of the Chancellor.
As to the moiety of the residue given to Mary Ann Black : whether this legacy be vested or contingent, the will expressly provides for the contingency, which has happened, of her death *248 before the tenant for life without leaving children surviving the tenant for life; and in that event this moiety is limited over, in equal shares, to the remaining sons of testator’s father, except the fourth son, who is particularly excluded. The decree discusses the construction of the phrase “remaining sons,” &c., in reference to this moiety only, adjudging that it means the other-sons, except John, living at the death of Mary Ann Black;' and leaves it to implication that the phrase has a parallel meaning, in the case of the death, of one of the sons under the circumstances mentioned in the limitation over. To avoid misconception, it may be well to express this implication. If one of the four sons, to whom four-fifths of the other moiety were bequeathed in equal shares, died under age and in the lifetime of the widow, his share passed, by the limitation over, to the the other sons of testator’s father, except John, living at the death of such son. If any of these four sons attained full age or survived the widow, his share, originally vested and absolute, remains unimpaired by the limitation over.
It is ordered and decreed that the decree be affirmed and the appeal dismissed.
Joi-inston, Dargan and Warhlaw, CC., concurred.

Appeal dismissed.